## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**STEVEN JEAN-PIERRE,**                 )
                                        )
      **Plaintiff,**              )
                                        )
      **v.**                      )    **Civil Action No. 12-00078 (ESH)**
                                        )
**FEDERAL BUREAU OF PRISONS,**          )
                                        )
      **Defendant.**              )
_____ )

## MEMORANDUM OPINION

Plaintiff Steven Jean-Pierre brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.* against defendant Federal Bureau of Prisons ("BOP"). Before the Court is defendant's motion to dismiss or, in the alternative, for summary judgment. Having considered the entire record in this case, the Court will grant defendant's motion to dismiss.

## BACKGROUND

Plaintiff is a federal prisoner currently incarcerated at the Federal Correctional Institution (FCI) in White Deer, Pennsylvania. (Decl. of Donna Johnson ¶ 2, May 11, 2012 ("Johnson Decl."); Compl. ¶ 3.) In a two-page letter dated March 17, 2011, plaintiff submitted a request for information, titled "Freedom of Information/Privacy Act Request," to the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"). (Johnson Decl. ¶ 3, Ex. A; Compl. ¶¶ 1, 4; Def.'s Statement of Material Facts ¶¶ 1, 3, May 11, 2012 ("Def.'s Facts"); Pl.'s Statement of Material Facts ¶ 1, May 21, 2012 ("Pl.'s Facts").) Plaintiff wrote, in pertinent part:

I, the undersign, identified as above, respectfully request the following information (1) who did give the Order to take me out of Schuykill Federal Camp and locked me up in FCI Schuykill (SHU) from the date of April-10/2010.?

(2). What was the reason for taking me out of Schuykill Federal Camp and placing me I FCI Schuykill (SHU) Special Hosuing Unit.?

(3) On what day did Schuykill Administration called (Agent Walter C. Riggs) from (ICE/Homeland Security) and informed him to come see me at the FCI Schuykill SHU. ?

(Johnson Decl. Ex. A (errors in original); *see also id.* ¶¶ 7-8, 11.)  This letter was signed, dated, and captioned, and included the plaintiff's name, register number, and address, but did not include plaintiff's date and place of birth, and was not notarized or submitted with a 28 U.S.C. § 1746 statement that the declaration was made under penalty of perjury.  (Johnson Decl. Ex. A; *see also* Def.'s Reply at 4; Def.'s Mem. at 5-6, 10.)

The EOUSA designated plaintiff's letter as request number 2011-956 and by undated letter forwarded it to the BOP, also a component of the DOJ, for processing and response. (Johnson Decl. ¶ 7 & Ex. A; Def.'s Facts ¶ 3; Pl.'s Facts ¶ 2.)  The EOUSA informed the BOP that plaintiff had been notified of this action.  (Johnson Decl. ¶ 7 & Ex. A; Def.'s Facts ¶ 3; Compl. Ex. 5).  The BOP received plaintiff's letter on April 11, 2011, designated it as request number 2011-6289, and assigned it to its Northeast Regional Office for processing on April 25, 2011.  (Def.'s Facts ¶¶ 4-7; Johnson Decl. ¶¶ 8-9.)[1]

By letter dated May 4, 2011, plaintiff submitted an appeal to the DOJ Office of Information Policy ("OIP"), in which he stated that 30 days had passed since his request had been forwarded to the BOP with no response.  (Decl. of Priscilla A. Jones ("Jones Decl.") ¶ 2 &

---

[1] Initially, the BOP erroneously assigned the request to its Western Regional Office, but this mistake was subsequently corrected, with the request being sent to the Northeast Regional Office.  (*See* Johnson Decl. ¶ 10 & Ex. C; Def.'s Facts ¶¶ 5-7.)  On November 17, 2011, the Northeast Regional Office discovered that a "technical error" had resulted in plaintiff's FOIA request not being added to its "assignment list," thus delaying consideration of plaintiff's request.  (Johnson Decl. ¶ 10 & Ex. C; Def.'s Facts ¶ 11.)

Ex. A; Compl. Ex. A; Def.'s Facts ¶ 8.)  Plaintiff asked the OIP to "consider this request as a resubmission" of request number 2011-956.[2] *(Id.)*  The OIP's Administrative Section, which oversees the logging of administrative appeals from all denials of FOIA requests from all DOJ components (Jones Decl. ¶ 1), received plaintiff's appeal on May 20, 2011.  (Jones Decl. ¶ 2 & Ex. A.)  By letter dated May 31, 2011, the OIP acknowledged receipt of the appeal, which it designated appeal number AP-2011-01977, and informed plaintiff that he would be notified of a decision at a future date.  (Jones Decl. ¶ 3 & Ex. B; Def.'s Facts ¶ 9.)  On July 12, 2011, plaintiff sent a second letter to the OIP, which he styled a "2nd and Final Notice to administrative review of the FOIA request," inquiring about the status of his appeal.  (Jones Decl. ¶ 4 & Ex. C; Compl. ¶ 5 & Ex. A; Pl.'s Facts ¶ 3.)

By letter dated August 24, 2011, the OIP responded to plaintiff's May 4, 2011 letter and affirmed the EOUSA's action on the request, finding that the EOUSA's action in referring the request to the BOP was proper, since the BOP was "most likely to maintain responsive records." (Jones Decl. ¶ 5 & Ex. D; Compl . ¶ 5 & Ex. 1; Def.'s Facts ¶ 10; Pl.'s Facts ¶ 4.)  The OIP advised plaintiff that requests for updates on the status of his request were best directed to the BOP and that plaintiff would be able to appeal any future adverse decision by the BOP.  (Jones Decl. ¶ 5 & Ex. D; Def.'s Facts ¶ 10.)

By letter dated December 15, 2011, the BOP denied plaintiff's request on the ground that it was not a request cognizable under the FOIA because it was a series of questions concerning his move to a special housing unit rather than a request for access to records.  (*See* Johnson Decl. & Ex. D; *see also id.* at ¶¶ 12-13; Def.'s Facts ¶ 12; Pl.'s Facts ¶ 10).  The BOP explained:

---

[2] Plaintiff titled his May 4, 2011 appeal to the OIP as an "appeal from Executive Office for the United States Attorneys," but his complaint in the letter was that the BOP was taking too long to comply with his request.  Plaintiff did not challenge the EOUSA's referral of his request to the BOP for a response. (*See* Jones Decl. Ex. A; *id.* Ex. D.)

> In response to your request, the Freedom of Information Act was not designed to answer specific questions. The Freedom of Information Act was designed to provide documents that are maintained by an agency. Please re-submit your request in proper form and it will be processed.

(Johnson Decl. Ex. D.)   The BOP advised plaintiff that he had the right to administratively appeal its determination to the Attorney General and provided information about how to do so. (Def.'s Facts ¶¶ 16-17; Johnson Decl. ¶ 13 & Ex. D.)[3]  Plaintiff neither appealed nor resubmitted his request.  (Jones Decl. ¶ 6; Johnson Decl. ¶ 6.)

Plaintiff commenced this FOIA action against the BOP on January 19, 2012, filing a complaint for declaratory and injunctive relief that seeks to compel "the production of agency records previously requested by plaintiff . . . which requests have either been ignored or denied by the defendant agency."  (Compl. ¶ 1.)  The BOP filed an answer on March 12, 2012, and then, on May 11, 2012, filed a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment, Fed. R. Civ. P. 56.  On May 21, 2012, plaintiff filed an opposition, and on June 11, 2012, defendant filed its reply.

---

[3] Plaintiff denies receiving the December 15, 2011 letter from the BOP (which he refers to as a "pretend" letter) or "any response from BOP stating or instructing him to 're-submit' his request in proper form, as stated by defendant."  (*See* Johnson Decl. ¶¶ 2-4 & Ex. D; Johnson Supp. Decl. ¶¶ 2-4, July 11, 2012; Def.'s Counter-Statement of Material Facts ¶ 6.)  Plaintiff's denial is not credible.  *See Hosp. of Univ. of Pa. v. Sebelius*, 634 F. Supp. 2d 9, 15 (D.D.C. 2009) ("proof of procedures followed in the regular course of operations . . .  gives rise to a strong inference that correspondences was properly addressed and mailed") (internal citations and quotation marks omitted); *Legille v. Dann*, 544 F.2d 1, 4-5 (D.C. Cir. 1976) ("proof that mail is properly addressed, stamped, and deposited in an appropriate receptacle has long been accepted as evidence of delivery to the addressee"); *Citizens for Responsibility & Ethics in Washington v. Dep't of the Interior*, 503 F. Supp. 2d 88, 103 (D.D.C. 2007) (FOIA requestor's bare assertion that agency never sent a response letter was insufficient to preclude summary judgment for the agency, noting that "sworn declarations by . . . employees who were involved in the process of sending the letter" provide "sufficient evidentiary support for its position that the letter was signed and sent").

## ANALYSIS

Defendant argues that plaintiff's complaint should be dismissed for failure to state a claim because (1) the BOP is not a proper party defendant; or (2) plaintiff failed to exhaust his administrative remedies either because he never made a valid FOIA request or because he failed to appeal the BOP's December 15, 2011 decision.[4]  As explained herein, defendant's motion will be granted.

## I.      STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  When ruling on a motion to dismiss, the Court will ordinarily "accept as true all of the factual allegations contained in the complaint," *Atherton v. Dist. of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), and liberally construe it in plaintiff's favor.  *Porter v. CIA*, 778 F. Supp. 2d 60, 65 (D.C. Cir. 2011).  However, "[t]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal

---

[4] Although FOIA cases "typically and appropriately are decided on motions for summary judgment," *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009), where an agency argues that the requester has failed to exhaust his administrative remedies, courts analyze the matter under Rule 12(b)(6) for failure to state a claim.  *Tereshchuk v. Bureau of Prisons*, __ F. Supp. 2d __, 2012 WL 1075842, at *3 (D.D.C. Mar. 31, 2012); *accord Banks v. Lappin*, 539 F. Supp. 2d 228, 234-35 (D.D.C. 2008); *Flaherty v. President of U.S*, 796 F. Supp. 2d 201, 207 (D.D.C. 2011); *Porter v. CIA*, 778 F. Supp. 2d 60, 65 (D.C. Cir. 2011); *Yates v. Dist. of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003); *Citizens for Responsibility & Ethics in Washington v. Bd.  of Governors of the Fed. Reserve Sys.*, 669 F. Supp. 2d 126, 128-29 (D.D.C. 2009).

conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 555).

A *pro se* plaintiff's complaint will be "held to less stringent standards than formal

pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Koch v.

Schapiro*, 699 F. Supp. 2d 3, 7 (D.D.C. 2010), but the Supreme Court has made clear that "while

. . . some procedural rules must give way because of the unique circumstance of incarceration,"

there is no requirement "that procedural rules in ordinary civil litigation should be interpreted so

as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S.

106, 113 (1993) (internal citations omitted).

## II.   PROPER PARTY DEFENDANT

Defendant contends that the BOP is "not a proper party defendant" to this action because

only the DOJ is a federal agency subject to FOIA, and DOJ subcomponents, such as the BOP,

are not subject to suit in their own name.  (*See* Def.'s Reply at 1 n.1; Def.'s Answer (second and

third defenses)).  For FOIA purposes, the term "agency" includes "any executive department . . .

or other establishment in the Executive Branch of the Government . . . or any independent

regulatory agency."  5 U.S.C. § 552(f)(1).  If an improper party defendant is named, the court

may dismiss the action against those defendants, as is typically done when state agencies or

individuals, who are not covered by FOIA, are sued, *see, e.g. Lasko v. U.S. Dep't. of Justice*, 684

F. Supp. 2d 120, 125 n.1 (D.D.C. 2010), or may (even *sua sponte*) substitute the proper

defendant.  *See, e.g.*, *Kone v. Dist. of Columbia*, 2011 WL 666886, at *1 (D.D.C. Feb. 14, 2011);

*Di Lella v. Univ. of Dist. of Columbia David A. Clarke Sch. of Law*, 2009 WL 3206709, at *1

(D.D.C. Sept. 30, 2009).

"There is some disagreement in this Circuit about whether the FBI, and like agency components, are subject to FOIA in their own names." *Ginarte v. Mueller*, 534 F. Supp. 2d 135, 137 n.4 (D.D.C. 2008); *Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 21 (D.D.C. 2006), *Mingo v. U.S. Dep't of Justice*, 793 F. Supp. 2d 447, 451 (D.D.C. 2011).  Although a small number of decisions hold that only the DOJ, and not its subcomponents, may be sued under FOIA, s*ee, e.g.*, *Holt v. U.S. Dep't of Justice*, 734 F. Supp. 2d 28, 33 n.1 (D.D.C. 2010), *Benavides v. Bureau of Prisons*, 774 F. Supp. 2d 141, 143 n.1 (D.D.C. 2011), the weight of authority is that subcomponents of federal executive departments may, at least in some cases, be properly named as FOIA defendants.  *See, e.g., Prison Legal News*, 436 F. Supp. 2d at 22; *Peralta v. U.S. Att'y's Office,* 136 F.3d 169, 173-74 (D.C. Cir. 1998) ("we suspect that the FBI is subject to the FOIA in its own name"); *McGehee v. CIA*, 697 F.2d 1095, 1108 (D.C. Cir. 1983) ("the organs of government that first compiled the records" are "clearly are covered by the Act"). Accordingly, the Court will not dismiss the FOIA claim against the BOP on the grounds that it is not a proper party defendant.

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In the alternative, the BOP argues that the complaint should be dismissed because plaintiff has failed to exhaust administrative remedies in three, independent ways: (1) plaintiff's FOIA request failed to comply with BOP and DOJ regulations, (2) plaintiff's FOIA request failed to reasonably describe "records" maintained by BOP; and (3) plaintiff failed to administratively appeal the BOP's December 15, 2011 decision.

**A.      Plaintiff's Request Failed to Comply with BOP and DOJ Regulations**

Defendant argues that plaintiff's March 17, 2011 letter was not a request cognizable under the FOIA because plaintiff failed to comply with published BOP and DOJ regulations for submitting FOIA requests.

Under the FOIA, an agency is required to release documents upon receipt of "any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedure to be followed."  5 U.S.C. § 552(a)(3)(A).  Caselaw establishes that "[a] party requesting agency records under the FOIA must comply with the procedures set forth in the regulations promulgated by that agency," and "where a FOIA request is not made in accordance with the published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies."  *Calhoun v. U.S. Dep't of Justice*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010) (citing *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006)); *see also Tyree v. Hope Village, Inc.,* 677 F. Supp. 2d 109, 111 (D.D.C. 2009) ("Where the plaintiff did not comply with the applicable DOJ FOIA regulations . . . the FOIA claim cannot be maintained even against a proper defendant because it has not been exhausted; it has not even been initiated.").

Both the DOJ and the BOP have published rules.  In relevant part, the DOJ's rules provide:

> When you make a request for access to records about yourself, you must verify your identity.  You must state your full name, current address, and date and place of birth.  *You must sign your request and your signature must either be notarized or submitted by you under 28 U.S.C. § 1746*, a law that permits statements to be made under penalty of perjury as a substitute for notarization.

28 C.F.R. § 16.41(d) (emphasis added).[5]  The BOP has additional rules for FOIA requests to the

BOP from federal inmates, which provide:

> The inmate requester shall clearly mark on the face of the letter and on the
> envelope "FREEDOM OF INFORMATION ACT REQUEST", and shall clearly
> describe the records sought, including the approximate dates covered by the
> record.  An inmate making such a request must provide his or her full name,
> current address, *date and place of birth.*

28 C.F.R. § 513.61(c) (emphasis added).

Defendant correctly notes that "it is apparent from the face of plaintiff's [March 17, 2011

request] letter that it does not comply with the Department of Justice's published regulations"

and that plaintiff has not "alleged in any of his filings that he provided his date and place of birth

[or] . . . that his letter was notarized or submitted under 28 U.S.C. § 1746."  (Def.'s Mem. at 5-6,

10 (citing Johnson Decl. ¶ 3, Ex. A); Def's Reply at 4 (citing Pl.'s Opp'n).)

Even small failures to comply with FOIA regulations can mean the attempted request is

improper.  "An agency is *only* charged with responding to FOIA requests that comply with

applicable procedural regulations."  *Astley v. Lawson*, 1991 WL 7162, at *2 (D.D.C. Jan. 11,

1991); *see Lee v. U.S. Dep't of Justice*, 235 F.R.D. 274, 285-86 (W.D. Pa. 2006) (omission of

middle name and place of birth means request was improperly made, even when requestor

provided date of birth and Social Security number); *Stephenson v. FBI*, 2010 WL 2024704, at *2

(D. Utah Mar. 26, 2010) (complaint dismissed where plaintiff "entirely failed to provide either

his date or place of birth"); *Brown v. U.S. Dep't of Justice*, 169 F. App'x 537, 540–41 (11th Cir.

2006) (failure to comply with requirement that request be notarized or include an

acknowledgement of submission under penalty of perjury means request was improperly made);

---

[5] This identity-verification regulation, requiring all FOIA requests for records about oneself to be
notarized or carry a 28 U.S.C. § 1746 statement that the declaration is made under penalty of
perjury, implements the Privacy Act of 1974, 5 U.S.C. 552(a).  *Montgomery v. Scott*, 802 F.
Supp. 930, 937 (W.D.N.Y. 1992).

*Montgomery v. Scott*, 802 F. Supp. 930, 937 (W.D.N.Y. 1992) (same).  *But see Latham v. U.S. Dep't of Justice*, 658 F. Supp. 2d 155, 159–60 (D.D.C. 2009) (where FOIA requestor complied with every § 16.41(d) requirement except that of providing date of birth, *de minimis* error was insufficient to "outright reject his FOIA request").

Since the uncontroverted[6] record indicates that plaintiff did not comply with all requirements of 28 C.F.R. §§ 16.41(d) and 513.61(c), he never properly initiated a FOIA request and his FOIA complaint is subject to dismissal.

### B.    Plaintiff's Request Did Not Reasonably Describe "Records"

Even if plaintiff's request had complied with the DOJ's and the BOP's published rules, or his failure were excused, defendants assert that plaintiff never made a valid FOIA request, and that the government therefore had no FOIA obligation, because plaintiff's March 17, 2011 letter did not "reasonably describe" the "records" requested.  (Def.'s Mem. at 5 (citing 5 U.S.C. § 552(a)(3)(A)(i).)  Plaintiff disagrees.  (*See* Pl.'s Opp'n at 4 ("plaintiff assert that defendant's is trying to 'circumvent' his request by attempting to construe it into mere 'questions'" (errors in original)).)

DOJ regulations instruct FOIA requestors that:

You must describe the records that you seek in enough detail to enable Department personnel to locate them with a reasonable amount of effort. Whenever possible, your request should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter of the record . . . .

28 C.F.R. § 16.3(b).  The BOP informed plaintiff in its December 15, 2011 letter:

---

[6] Plaintiff does assert in his statement of material facts that his March 17, 2011 letter "was styled in proper form" and "was seeking 'information'" (Pl.'s Facts ¶ 1), but does not claim that he met the requirements of 28 C.F.R. §§ 16.41(d) or 513.61 (c), or rebut defendant's contention that he did not. (Def.'s Reply at 4 (citing Pl.'s Opp'n); Def.'s Mem. at 5-6, 10 (citing Johnson Decl. ¶ 3, Ex. A).)

In response to your request, the Freedom of Information Act was not designed to answer specific questions. The Freedom of Information Act was designed to provide documents that are maintained by an agency. Please re-submit your request in proper form and in will be processed.

(Johnson Decl. Ex. D; *see also id.* ¶¶ 12-13; Def.'s Facts ¶ 12; Pl.'s Facts ¶ 10).

Although "an agency . . . has a duty to construe a FOIA request liberally," *Nation Magazine, Washington Bureau v. U.S. Customs Service,* 71 F.3d 885, 890 (D.C. Cir. 1995) (internal quotations, citations, and alterations omitted), when determining whether a request "reasonably describes" records, "[t]he linchpin inquiry is whether the agency is able to determine precisely what records (are) being requested." *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (internal quotations omitted). In addition, it is well-established that the FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 142 & n.7 (1980); *Canning v. U.S. Dep't of Defense*, 499 F. Supp. 2d 14, 23–24 (D.D.C. 2007). Thus, "[t]o the extent that [a] plaintiff's FOIA requests [a]re questions or requests for explanations of policies or procedures, the[y] are not proper FOIA requests." *Thomas v. Comptroller of Currency*, 684 F. Supp. 2d 29, 33 (D.D.C. 2010); *accord Anderson v. U.S. Dep't of Justice*, 518 F. Supp. 2d 1, 11–12 (D.D.C. 2007); *Zemansky v. EPA*, 767 F.2d 569, 573–74 (9th Cir. 1985); *see also Astley*, 1991 WL 7162, at *2 (agency need not respond to "questions disguised as FOIA requests"). Accordingly, a request for an explanation is not covered by the FOIA because it does not reasonably describe an actual record.

Of the three questions submitted by plaintiff in his March 17, 2011 letter, the second question -- asking "what was the reason" for plaintiff's transfer from one federal prison to another federal prison's special housing unit -- is most clearly a request that, because it seeks a

rationale or explanation, rather than records, is not within FOIA's scope.[7]  Questions one and

three, although they request more objective pieces of information -- "who gave the order" to

transfer plaintiff, and "on what day" did prison officials call a particular federal agent to come

see him -- are also not cognizable under FOIA, because they ask questions calling for specific

pieces of information rather than records.  *See Adams v. FBI*, 572 F. Supp. 2d 65, 66-68 (D.D.C.

2008) (agency has no obligation under FOIA to answer question as to whether particular FBI

laboratory technician had been involved in the examination of DNA evidence in his case);

*DiViaio*, 571 F.2d at 542-43 (plaintiff's request for copies of any photographs taken of him by an

agency, and request for information regarding whether, if such photographs had been taken,

whether any had been disseminated outside of the agency, are "clearly demands not

countenanced by the scope and reach" of FOIA).  Applying these authorities, the Court

concludes that plaintiff's pure requests for information do not constitute "records" under FOIA.

### C.      Plaintiff Failed to Appeal the BOP's Decision

"Exhaustion of administrative remedies is generally required before seeking judicial

review" of a FOIA claim, in order for the agency to have an "opportunity to exercise its

discretion and expertise on the matter and to make a factual record to support its decision."

*Oglesby v. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *Wilbur v. CIA*, 355 F.3d 675,

676 (D.C. Cir. 2004).  "The statutory scheme in the FOIA specifically provides for an

administrative appeal process following an agency's denial of a FOIA request," and "courts have

consistently confirmed that the FOIA requires exhaustion of this appeal process before an

individual may seek relief in the courts."  *Oglesby*, 920 F.2d at 61–62 (citing U.S.C. §

---

[7] Ordinarily, prison officials may transfer a prisoner "for whatever reason or for no reason at all."
*Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

552(a)(6)(A)(i), (ii) and cases). Failure to exhaust acts as a bar to judicial review. *Hidalgo v. FBI*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003).[8]

Here, plaintiff plainly failed to exhaust his administrative remedies. He neither appealed the BOP's December 15 determination that his request was not cognizable under the FOIA, nor resubmitted his request, although he was advised multiple times of his right to appeal an adverse decision and provided information about how to do so. (*See* Jones Decl. ¶¶ 5-6 & Ex. D; Def.'s Facts ¶ 10, 16–17; Johnson Decl. ¶¶ 6, 13 & Ex. D.)

Plaintiff's statement that administrative remedies were "unavailable" because he had already made an appeal "to the highest FOIA division" (Pl.'s Opp'n at 4-5) is misleading and is exactly the kind of argument that was rejected in *Hidalgo*. In *Hidalgo*, as here, the plaintiff made an appeal to the OIP "before the FBI acted on his request," so that it "could not and did not place the substance of the FBI's response before the OIP." 344 F.3d at 1259-60. The OIP denied this "narrow and premature appeal" and advised plaintiff of his right to appeal once an adverse determination had actually been made. *Id.* When plaintiff, after being denied his requested records, filed suit -- "ignoring" the OIP's guidance on administrative appeals -- the case was dismissed for failure to exhaust administrative remedies. *Id.* (noting that allowing claim to proceed would "cut off the agency's power to correct or rethink initial misjudgments or errors . . . and frustrate the policies underlying the exhaustion requirement").

Therefore, for this reason as well, plaintiff's complaint must be dismissed.

---

[8] This is "a prudential consideration, not a jurisdictional prerequisite," so the Court is not deprived of subject-matter jurisdiction. *Hines v. United States*, 736 F. Supp. 2d 51, 53 (D.D.C. 2010) (citing cases).

**CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss for failure to state a

claim is GRANTED.   A separate Order accompanies this Memorandum Opinion.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge


Date:   July 30, 2012